UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERNEVAL RODNELL DIMMER,<br><br>Defendant. | CASE NO. 2:23-cr-00078-LK<br>CASE NO. 2:23-cr-00079-LK<br><br>ORDER DENYING AMENDED MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE |

This matter comes before the Court on Defendant Derneval Dimmer's Amended Motion to Modify Conditions of Supervised Release. Dkt. No. 12.[1] Mr. Dimmer underwent surgery for Stage 3 colorectal cancer this year while on supervised release and is now undergoing chemotherapy treatment. *Id.* at 1–2. He seeks to modify the conditions of his supervised release to permit the use of medicinal marijuana to alleviate the ongoing pain and discomfort resulting from his cancer treatment. *Id.* at 2. Having carefully reviewed the parties' submissions, the underlying record, and the applicable law, the Court denies Mr. Dimmer's amended motion.

---

[1] An identical motion was filed at Docket Number 12 on August 21, 2023 in both of Mr. Dimmer's matters before the undersigned District Judge. The Court refers herein to the filings in 2:23-cr-00078-LK unless otherwise indicated.

ORDER DENYING AMENDED MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE - 1

# I. BACKGROUND

In January 2013, Mr. Dimmer pleaded guilty to one count of conspiracy to distribute controlled substances in two separate cases in the District of Alaska. *See United States v. Dimmer*, No. 3:12-cr-00035-TMB, Dkt. Nos. 153, 158-1, 159, (D. Alaska Jan. 14, 2013). On April 8, 2013, the Honorable Timothy M. Burgess sentenced Mr. Dimmer to 228 months incarceration and 10 years of supervised release in both cases, to be served concurrently. *Id.*, Dkt. No. 184. As a condition of his supervised release, Judge Burgess required Mr. Dimmer to submit to regular drug testing. *Id.*, Dkt. No. 184 at 3. Following Mr. Dimmer's cancer diagnosis, Judge Burgess granted his motions for compassionate release in both underlying criminal cases, and in February 2023, entered an amended judgment reducing his term of imprisonment to time served and reaffirming the standard and special conditions of supervised release imposed in the original judgment. *See id.*, Dkt. Nos. 356–57. Thereafter, Mr. Dimmer was released to live in Kent, Washington and began receiving cancer treatment. Dkt. No. 12 at 2. On May 15, 2023, the undersigned accepted a transfer of jurisdiction in both underlying cases for the duration of Mr. Dimmer's term of supervised release. *See* 2:23-cr-00078-LK, Dkt. No. 1; 2:23-cr-00079-LK, Dkt. No. 1.

In July 2023, Mr. Dimmer filed two pro se motions to modify the conditions of his supervised release, requesting that the Court permit him to use medical marijuana to treat the side effects of his cancer treatment. *See* Dkt. Nos. 3, 6. On August 1, 2023, the Court sua sponte granted Mr. Dimmer the opportunity to be appointed counsel and "to either submit a modified motion or provide supplemental briefing in support of [his] motions[.]" Dkt. No. 7 at 1. Following the appearance of counsel on behalf of Mr. Dimmer, the Court set a briefing schedule and Mr. Dimmer

submitted his amended motion. Dkt. Nos. 8, 11, 12.[2] United States Probation and Pretrial Services takes no position on Mr. Dimmer's request to remove marijuana testing as a condition of his supervised release, whereas the Government opposes the amended motion. Dkt. No. 13 at 2; Dkt. No. 16 at 1.

## II.   DISCUSSION

In his amended motion, Mr. Dimmer notes that he "is not before the Court for violating his supervision, and he does not wish to be." Dkt. No. 12 at 3. Rather, "[h]e seeks permission to use marijuana to mitigate the side effects of chemotherapy and requests that the conditions of his supervision be modified to remove drug testing for marijuana." *Id.* He also highlights that he received authorization for a medical marijuana card due to the "ongoing pain and discomfort from his cancer treatment," and that other courts in this district have granted the modification he requests for analogous medical reasons. *Id.* at 2–3; *see* Dkt. No. 3-1 at 17 (medical authorization card); *see also, e.g.*, *United States v. Cotton*, No. 2:19-cr-00088-JLR-1, Dkt. No. 66 (W.D. Wash. Apr. 25, 2023); *United States v. McNair*, No. 2:20-cr-00055-JLR-1, Dkt. No. 20 (W.D. Wash. Oct. 19, 2021).

The Court is sympathetic to Mr. Dimmer's circumstances and appreciates his desire to avoid violating the terms of his supervision. The Court also acknowledges that Washington State legalized medical cannabis in 1998 in recognition that "some patients with terminal or debilitating illnesses, under their physician's care, may benefit from the medical use of marijuana." Initiative 692, https://www2.sos.wa.gov/elections/initiatives/text/i692.pdf. The "Purpose and Intent"

---

[2] In his original pro se motion filed in 2:23-cr-00078, Mr. Dimmer further asked that the Court reduce his current 10-year term of supervised release from 10 years to 5 years. Dkt. No. 3 at 1. However, the Government represents that it has since conferred with Mr. Dimmer's later-retained counsel who confirmed that this "initial pro se motion to reduce his term of supervision will not be argued at this time." Dkt. No. 16 at 1. No request for a reduction in Mr. Dimmer's supervised release term appears in his amended motion. Dkt. No. 12. Accordingly, the Court need not address this issue.

ORDER DENYING AMENDED MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE - 3

section of the law specifically noted that "[s]ome of the illnesses for which marijuana appears to be beneficial include chemotherapy-related nausea and vomiting in cancer patients[.]" *Id.* As of April 24, 2023, 38 states, three territories, and the District of Columbia allow the medical use of cannabis products. National Conference of State Legislatures, *State Medical Cannabis Laws* (June 22, 2023), *available at* https://www.ncsl.org/health/state-medical-cannabis-laws (last visited Sept. 5, 2023). There is no doubt that marijuana is becoming increasingly accepted by society, as evidenced by the growing number of states that have legalized its use. Whether federal law should follow this trend, however, is not before this Court. As all parties acknowledge, marijuana use is not permitted under federal law. Dkt. No. 12 at 2; Dkt. No. 13 at 2; Dkt. No. 16 at 2.

Indeed, the U.S. Supreme Court has rejected the argument that the use of marijuana for medicinal purposes, even pursuant to permissive state laws, affects its legality under the Controlled Substances Act. *Gonzales v. Raich*, 545 U.S. 1, 27 (2005) ("[T]he fact that marijuana is used 'for personal medical purposes on the advice of a physician' cannot itself serve as a distinguishing factor. The [Controlled Substances Act] designates marijuana as contraband for *any* purpose[.]" (citation omitted, emphasis original)); *see also* 21 U.S.C. § 844(a); *United States v. Richard Langley*, 17 F.4th 1273, 1274–75 (9th Cir. 2021) (recognizing the continued viability of *Raich* and stating that "the applicable federal statutes precluded the court from granting Langley's motion" to use medical marijuana while on supervised release to alleviate pain from a motorcycle accident). Marijuana is a federal schedule I substance, meaning that Congress has determined that it "has no currently accepted medical use" in the United States. 21 U.S.C. § 812(b)(1); Schedule I(c)(10). Accordingly, "[u]nlike drugs in other schedules . . . schedule I drugs cannot be dispensed under a prescription." *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 492 n.5 (2001).

In accordance with federal law, Mr. Dimmer's mandatory conditions of release explicitly state that he "must not unlawfully possess a controlled substance," "must refrain from any unlawful

use of a controlled substance," and "must not commit another federal . . . crime." Dkt. No. 2-2 at 3; *see* 18 U.S.C. § 3583(d). "Although district courts 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release,' 18 U.S.C. § 3583(e)(2), courts cannot amend conditions to contradict federal law." *United States v. Schostag*, 895 F.3d 1025, 1027 (8th Cir. 2018). The Court accordingly "ha[s] no discretion to allow [Mr. Dimmer] to use medical marijuana while on supervised release." *Id.* at 1028.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Dimmer's amended motion to modify his conditions of release, Dkt. No. 12. However, the Court reminds Mr. Dimmer that both it and Probation and Pretrial Services are aware of his condition and the resulting pain. These circumstances will be taken into account by Probation and Pretrial Services in its individualized supervision of Mr. Dimmer. The Court will also take them into account should any party seek revocation of Mr. Dimmer's term of supervised release. *See* 18 U.S.C. § 3583(e) (requiring the court to consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant).

The Clerk of Court is directed to terminate as moot the motions pending at Docket Numbers 3 and 6.

Dated this 6th day of September, 2023.

Lauren King
United States District Judge